**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 06-100-JBC**

**GEORGE E. CHAPMAN, JR.,**                                                    **PLAINTIFF,**

**V.**                              **MEMORANDUM OPINION AND ORDER**

**JO ANNE B. BARNHART, COMMISSIONER,**
**SOCIAL SECURITY ADMINISTRATION,**                          **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \***

The plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain

judicial review of an administrative decision of the Commissioner of Social Security

denying his application for Disability Insurance Benefits ("DIB").  On cross-motions

for summary judgment (DE 8, DE 13), the court referred this action to United

States Magistrate Judge James B. Todd, who issued Proposed Findings of Fact and

Recommendation (DE 15), to which the plaintiff has filed objections (DE 16).

When the parties to an action submit such objections, the district court

reviews the record *de novo*.  28 U.S.C. § 636(b)(1)(C).

The court, having reviewed the record in light of the plaintiff's objections and

being otherwise sufficiently advised, will adopt the Magistrate Judge's Report and

Recommendation and affirm the Commissioner's decision.

**I. Factual Background**

The plaintiff is a fifty-year-old male with an eleventh-grade education and has

past relevant work ("PRW") experience as a truck driver and heavy equipment

operator.  AR 25.  The plaintiff alleges that he has been disabled since June 9, 2004, as a result of back pain with radiation down the left leg; ringing in the left ear; asthma; hemorrhoids; and left shoulder pain.  The plaintiff's disability claim was denied initially and upon reconsideration, resulting in a hearing before Administrative Law Judge ("ALJ") John M. Lawrence on October 12, 2005.  AR 25.  On October 19, 2005, ALJ Lawrence issued a decision denying the plaintiff's claim for DIB.  AR 25-32.  Specifically, the ALJ found that the plaintiff had not engaged in substantial gainful activity since his alleged onset date and that, although his status post discectomy, L5-S1 and decompression of the nerve root and post scar enhancement were severe impairments, they did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  AR 31.  The ALJ then determined that the plaintiff was unable to perform his PRW, but that, based on an exertional capacity for light work and the plaintiff's age, education, and work experience, a finding of "not disabled" was directed by Medical-Vocational Rule 202.18.  AR 31-32.  Thus, the ALJ concluded that the plaintiff did not suffer from a disability as defined by the Social Security Act.  AR 32.  On March 6, 2006, the Appeals Council denied the plaintiff's request for review of the ALJ's decision.  AR 9-17.

This is not the plaintiff's first claim for DIB.  On April 9, 2003, the plaintiff filed an application for DIB in which he claimed disability beginning on July 29, 2002.  AR 25.  This claim was denied initially and on reconsideration.  *Id.*  After

holding a hearing on May 18, 2004, ALJ Lawrence found that the plaintiff was not disabled and denied his claim for benefits.  AR 44-51.  The Appeals Council denied the plaintiff's request for review of this decision, and the plaintiff did not file an action for judicial review.  AR 25.  Thus, ALJ Lawrence's prior denial decision became final and binding on June 8, 2004, the date that it was issued.  *Id.*

## II. The Plaintiff's Objections to the Report and Recommendation

In support of his claim for benefits, the plaintiff argues: (1) that the ALJ erred in not giving controlling weight to the opinions of his treating physicians; and (2) that the ALJ erred in using the Medical-Vocational Guidelines to find him not disabled.  The Magistrate Judge recommended that the plaintiff's arguments on these grounds be rejected, and the plaintiff objects to the Magistrate Judge's conclusions.

Judicial review of the ALJ's decision to deny disability benefits is limited to determining whether there is substantial evidence to support the denial decision and whether the Secretary properly applied relevant legal standards.  *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389 (1971)).  "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).   The court does not try the case *de novo*, resolve conflicts in the evidence, or decide questions

3

0of credibility. *See id.* Rather, the ALJ's decision must be affirmed if it is supported by substantial evidence, even though the court might have decided the case differently. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).

### A. Temporal Scope of Review

In *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997), the Sixth Circuit held that "absent evidence of an improvement in a claimant's condition, a subsequent ALJ is bound by the findings of a previous ALJ." ALJ Lawrence determined that the plaintiff was not disabled on June 8, 2004, and this decision is now final and binding. The doctrine of res judicata applies to the time period through June 8, 2004, and the Commissioner is bound by ALJ Lawrence's earlier determination "absent changed circumstances." *Id.* Thus, as the Magistrate Judge correctly found, the relevant time period concerning the present application began on June 9, 2004.

### B. Failure to Credit the Treating Physicians' Opinions

The plaintiff argues that the ALJ improperly failed to give controlling weight to the opinions of his treating physicians, Drs. Clemente Zulueta and Henry Tutt. The Sixth Circuit has repeatedly held that the opinions of a treating physician are entitled to significant deference. *See, e.g.*, *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Farris v. Sec. of Health and Human Servs.,* 773 F.2d 85, 90 (6th Cir. 1985); *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

An ALJ may, however, reject the opinion of a treating physician when that opinion is not sufficiently supported by medical findings or is inconsistent with the remainder of the evidence in the case. *Walters v. Comm'r*, 127 F.3d 525, 530 (6th Cir. 1997); *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993). An ALJ must give good reasons for rejecting the opinion of a treating physician. *Wilson*, 378 F.3d at 544; 20 C.F.R. § 404.1527(d)(2).

On February 25, 2004, Dr. Zulueta completed a medical source statement in which he found that the plaintiff has significant work-related impairments. AR 238-41. Dr. Zulueta has also examined the plaintiff twelve times since June 8, 2004; nearly all of these visits related to the plaintiff's complaints of low back pain, for which Dr. Zulueta prescribed pain medication. AR 216-237. In ruling on the plaintiff's first application for DIB, ALJ Lawrence rejected Dr. Zulueta's medical source statement because it was unsupported by clinical findings and was inconsistent with the other medical evidence in the record, particularly Dr. Zulueta's own treatment protocol. AR 47. In his more recent opinion, the ALJ again rejected Dr. Zulueta's medical source statement as unsupported and inconsistent with the other medical evidence in the record; he also noted that, since Dr. Zulueta's statement was rendered on February 25, 2004, it had already been considered and rejected by him once. AR 29.

ALJ Lawrence did not improperly evaluate Dr. Zulueta's opinions. The ALJ's determination that "[t]here is no evidence of any change [in the plaintiff's condition]

since the issuance of the prior hearing decision on June 8, 2004," is supported by Dr. Zulueta's treatment notes that were recorded since that date. Thus, pursuant to *Drummond*, ALJ Lawrence was bound by his prior rejection of Dr. Zulueta's medical source statement. Moreover, the ALJ was permitted to reject Dr. Zulueta's opinion, as it was not supported by any clinical findings and was inconsistent with his own treatment of the plaintiff. Finally, ALJ Lawrence cogently stated his reasons for declining to accept Dr. Zulueta's opinion that the plaintiff was disabled. Although Dr. Zulueta is the plaintiff's treating physician, the ALJ was not bound to accept his opinion.

For similar reasons, the ALJ did not err in his consideration of the evaluations performed by Dr. Tutt. ALJ Lawrence noted that Dr. Tutt's examinations related to treatment "prior to June 8, 2004, the date of issue of [the] prior and binding final decision." AR 28. The ALJ properly discussed Dr. Tutt's conclusions in his first decision, *see* AR 46, and he was not required to reconsider them in his most recent decision.

**B. Use of the Medical-Vocational Guidelines**

The plaintiff also argues that the ALJ erred in using the Medical-Vocational Guidelines ("Guidelines") to find him not disabled. In support, the plaintiff alleges that he suffers from a non-exertional impairment and that the ALJ was therefore precluded from using the Guidelines in evaluating his claim for DIB. This assertion, however, is based on a workers claims vocational evaluation performed on the

6

plaintiff on February 19, 2004, which states that the plaintiff "would have difficulty learning new job skills." AR 165-70. In his most recent denial of the plaintiff's claim, ALJ Lawrence discussed this evaluation and noted that it was performed prior to the period of disability in this case. For this reason, the court finds that the ALJ was also not bound by the results of this vocational evaluation. As a result, he did not err in applying the Guidelines in finding the plaintiff to be not disabled. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 15) is **AFFIRMED** and is **ADOPTED** as this court's opinion with the revisions discussed above.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 13) is **GRANTED**.


_____   Signed on March 13, 2007


JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

7